## Ex Parte George Harris.

1. **Landlord and Tenant.** *Laborer. Share-cropper. Violation of contract. Laws 1900, p. 140, ch. 101. Criminal law.*

   Laws 1900, p. 140, ch. 101, making it a misdemeanor for any laborer, renter, or share-cropper, who has contracted with another person in writing for a specified time, not exceeding one year, to leave his employer or the leased premises before the expiration of his contract, without the consent of his employer or landlord, and make a second contract without giving notice of the first one to the second party, is not violated by a person, under such first contract, who merely obtained money from his employer or landlord on pretenses of going to certain places on business, and who left the premises of his employer or landlord and did not return.

2. **Same.** *Habeas corpus. Discharge of relator. Code 1892, § 2228.*

   A relator who has been arrested upon an affidavit, purporting to be predicated of said statute, which charges no offense, should be discharged upon *habeas corpus*, notwithstanding Code 1892, § 2228, providing that a person shall not be discharged on *habeas corpus* because of invalid proceedings if .he ought to be held for any crime alleged against him, where it is not made manifest that he has been guilty of some crime.

From the circuit court of Warren county.

Hon. George Anderson, Judge.

Application by George Harris for a writ of *habeas corpus.* From a judgment remanding relator to custody he appealed to the supreme court.

An affidavit was made against relator, Harris, before a justice of the peace in Washington county under an act of

the legislature approved March 12, 1900 (Laws 1900, p. 140, ch. 101), charging him with obtaining money under false pretenses, and willfully violating his contract with affiant by leaving his crop before the expiration of his contract. Relator was arrested in Warren county, and placed in jail, and sued out the writ of *habeas corpus* in this case. The affidavit was made by one Goldfarb, and was as follows: "S. P. Goldfarb makes oath that on or about the 25th day of August, 1904, one George Harris did willfully violate his contract with affiant by leaving his crop before the expiration of his said contract, and did obtain money under false pretenses, in violation of the statute in that behalf." On the hearing Goldfarb appeared and testified as follows: "I paid $54 to get George Harris on my plantation. He contracted to work thirty acres of land on shares. I was to furnish him supplies, which I did to the amount of $225. About the middle of July he got $3.50 from me, saying he was going to Vicksburg to get attention. He stayed away about three weeks, and returned and told me he had been summoned to Washington, D. C., to testify as a witness. He said he was bound to go, and I loaned him $18.50. He did not go on the train that day. I have not seen him since, till today in court. I know that he did not go to Washington. He could have gone there and back in five days."

*McLaurin & Thames,* for appellant.

The act of March 12, 1900, is clearly unconstitutional and void, because it is in violation of sec. 15, art. 3, of the constitution of the state of Mississippi, in that it is clearly intended to force citizens into involuntary servitude. Such act is also repugnant to the constitution of the United States, amendment 14, providing that no state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States, as restricting the right to contract.

A conviction under an unconstitutional statute is void, and

a prisoner may be discharged from custody under it by *habeas corpus.* 15 Am. & Eng. Ency. Law, 169; 58 Am. St. Rep., 576; 3 Am. St. Rep., 901; 39 Tex., 705; 16 Mo. App., 14.

If the writ would lie after a conviction under an unconstitutional statute to release the party from custody, why would it not lie before conviction? It undoubtedly would, and we refer to the case of *Toney* v. *State* (Ala.), 37 South. Rep., 332.

As for the charge of false pretense, it can be readily seen that the statute has not been complied with in attempting to charge such an offense.

*J. N. Flowers,* assistant attorney-general, for the state.

It was the duty of the trial judge, under Code 1892, § 2228, to remand relator to the custody of the officer without any regard to the sufficiency of the affidavit, since it appeared that he might be guilty of some crime in Washington county. The trial judge passed upon these facts and decided that relator was probably guilty of some crime and properly left him in the custody of the officers.

TRULY, J., delivered the opinion of the court.

Relator was entitled to his discharge. The affidavit by virtue of which he was detained charged no offense known to our law. Sec. 2228, Code 1892, does not affect this conclusion, for upon the investigation of the facts by the circuit judge it did not appear "that he [the relator] ought to be held for any crime alleged against him." Accepting the testimony for the state as true, relator was not proven to have committed any crime. Under this view of the case, it is not necessary to decide the constitutional question suggested.

*The judgment of the circuit court is reversed, and the defendant discharged.*